[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10379
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cr-80025-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERNANDEZ BANKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 14, 2014)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Hernandez Banks appeals his convictions for one count of knowingly

receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), one count of knowingly distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and one count of knowingly possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  On appeal, he argues that the district court abused its discretion when it excluded testimony about out-of-court statements made by Banks's younger brother, referred to in the proceedings as B.T.  According to this testimony, B.T. had previously stated that a person other than Banks had shown B.T. how to access and view child pornography on Banks's computer.  Banks argues that the district court should have admitted the testimony as a statement against penal interest under Federal Rule of Evidence 804(b)(3), and that the district court erred in finding the statements were not inculpatory.  After careful consideration, we affirm the district court because any error was harmless.

We review the district court's rulings on admission of evidence for abuse of discretion.  United States v. Gibson, 708 F.3d 1256, 1275 (11th Cir.), cert. denied, ___ U.S. ___, 134 S. Ct. 342 (2013).  However, "[i]n a case involving non-constitutional evidentiary errors, we read these rules of evidence and criminal procedure along with the federal harmless-error statute, 28 U.S.C. § 2111, which requires that 'the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties.'"  United States v. Frazier, 387 F.3d 1244, 1266 n.20 (11th Cir. 2004) (en

banc).  Errors only "affect a substantial right of a party if they have a 'substantial influence' on the outcome of a case or leave 'grave doubt' as to whether they affected the outcome of a case."  Id. (quoting Kotteakos v. United States, 328 U.S. 750, 764–65, 66 S. Ct. 1239, 1248 (1946)).

Banks argues that the district court abused its discretion in excluding testimony about B.T.'s statement that someone other than Banks showed him how to access child pornography on Banks's computer.  But even if the district court did abuse its discretion by excluding B.T.'s statement, that error would not leave us with "grave doubt" about the outcome of the case.  The evidence connecting Banks to the child pornography—especially the temporal proximity of access to child pornography on Banks's computer and activity in Banks's personal e-mail account, university student account, and Facebook and YouTube accounts, and the fact that access to child pornography never occurred when Banks was at work or school—was overwhelming.  On top of that, the jury heard evidence that Banks admitted in an interview to FBI agents before trial that he had "used [Limewire] to download and view child porn[ography]."  Finally, the district court did not exclude all of B.T.'s testimony that Banks offered; it allowed testimony regarding other statements made by B.T. that "he viewed child pornography on the computers at his home."  See Frazier, 387 F.3d at 1266 n.20 (finding that an evidentiary error was harmless because, among other things, "the district court did

3

not exclude <u>all</u> of [the declarant's] testimony").  In light of the foregoing, the district court's decision to exclude portions of B.T's statement did not have a substantial influence on the outcome of the case, and any district court error was harmless.[1]

**AFFIRMED.**

---

[1] Because we find any error to be harmless, we need not and do not address whether any error occurred: namely, whether the district court abused its discretion by excluding portions of B.T.'s statements.